UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

RICKY ANTONIO DAVIS, JR.,

        Plaintiff,                      Case No. 1:21-cv-213

v.                                          Honorable Robert J. Jonker

CORIZON et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint against Defendants Lebarre, Maranka, and Corbett because Plaintiff fails to state a claim against them. Plaintiff also fails to state an Eighth Amendment claim against Defendants Corizon, VanNortrick, Johnson, Bartlett, Dozeman, and Herman. The Court, however, will grant Plaintiff leave to replead, within 28 days, facts supporting his Eighth Amendment claim. If Plaintiff does not replead his Eighth Amendment claim, the Court will dismiss it and the remainder of the complaint.

**Discussion**

I. **Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues Corizon[1] and the following ICF employees: Registered Nurses Unknown VanNortrick, Unknown Johnson, and Unknown Bartlett; Resident Unit Manager Jody Lebarre; Mental Health Doctors Unknown Maranka and Unknown Dozeman; and Correctional Officers Unknown Herman and Unknown Corbett.

According to the complaint and attachments to it, on June 24, 2020, Plaintiff sent a medical kite to inform ICF healthcare that he had started a hunger strike. (ECF No. 1-1, PageID.11.) On June 26, 2020, Plaintiff informed Defendant Herman, a corrections officer, that he had begun a hunger strike. Plaintiff also discussed his hunger strike with several members of the medical staff including Defendants VanNortrick and Dozeman on June 26, 2020, and with Defendants Johnson and Bartlett on June 27, 2020.

Plaintiff alleges that none of the Defendants to complied with MDOC policies that mandate staff actions when a prisoner commences a hunger strike. The warden of the prison and prison healthcare staff must be notified after a prisoner has abstained from eating for 72 hours. MDOC Policy Directive 04.06.120, ¶ B (eff. Jan. 7, 2008). Healthcare must promptly evaluate the prisoner's psychological and physical health and advise the prisoner of the risks. *Id.* at ¶¶ B–C. Prison healthcare must then monitor the prisoner. *Id.* at ¶ F. Plaintiff alleges, however, that he did

---

[1] Plaintiff presumably refers to Corizon Health, Inc. *See Corporations Division – Search for a business entity*, https://cofs.lara.state.mi.us/SearchApi/Search/Search (enter "Corizon" in the "Entity name" field"; then click "Search"; then follow "Corizon Health, Inc." hyperlink) (last visited Aug. 30, 2021).

2

not receive any evaluation. He contends that, although he spoke with multiple members of healthcare and mental health staff in the days after he began his hunger strike, they did not "promptly and properly conduct a psychological and psychiatric evaluation." (Compl., ECF No. 1, PageID.3.) Plaintiff also alleges that Defendants ignored MDOC policies when they failed to inform him of the risks of engaging in a hunger strike and when they failed to give him a form that explains those risks.

On June 30, 2020, six days after plaintiff said he began a hunger strike, Nurse Deborah Jones (not a party) found Plaintiff lying on the floor of his cell "passed out." *Id.*, at PageID.4.[2] Plaintiff was evaluated by health care staff with negative findings and referred to mental health for further evaluation. Plaintiff ended his hunger strike that day. Plaintiff does not include any allegations that he suffered any injury from the series of events beyond "passing out."

Plaintiff alleges that Defendants failed to comply with MDOC policy. He summarily contends that, because they flouted policy, Defendants were deliberately indifferent to his health and safety in violation of the Eighth Amendment. As a result, he allegedly suffers from mental anguish and emotional distress. For relief, Plaintiff seeks compensatory and punitive damages.

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include

---

[2] According to a prison grievance response attached to the complaint, Nurse Jones stated aloud that she was going to attempt a sternal rub on Plaintiff, but before she could start, Plaintiff "instantly opened his eyes and began talking." (ECF No. 1-1, PageID.14.)

3

more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III.  Failure to make specific allegations

Plaintiff makes no specific allegations against Defendants Maranka and Corbett. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants.

4

*See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant) (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."). Plaintiff fails to even mention Defendants Maranka and Corbett in the body of his complaint. His allegations fall far short of the minimal pleading standards under Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Therefore, the Court will dismiss Defendants Maranka and Corbett from this action.

**IV.    Respondeat superior**

Plaintiff fails to make specific factual allegations against Defendant Lebarre, other than his reference to grievances that she reviewed. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or

5

vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendant Lebarre engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against her, and the Court therefore will also dismiss Defendant Lebarre from this action.

**V.      Eighth Amendment**

Plaintiff claims that Defendants Corizon, VanNortrick, Johnson, Bartlett, Dozeman, and Herman violated the Eighth Amendment because they failed to follow MDOC policies after Plaintiff began his hunger strike.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson*

6

*v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims)); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)). The deliberate-indifference standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 35–37. To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Under the subjective prong, an official must "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842. "It is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Id.* at 836. "[P]rison officials who actually

7

knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* at 844.

Plaintiff primarily contends that Defendants Corizon, VanNortrick, Johnson, Bartlett, Dozeman, and Herman failed to follow policy and that failing to follow policy violated the Eighth Amendment. However, without more, imperfect compliance with MDOC policy, shows, at most, negligence by the Defendants, not deliberate indifference. *See Wilson v. Hofbauer*, 113 F. App'x 651, 653 (6th Cir. 2004) (concluding that prison officials' imperfect enforcement of MDOC's non-smoking policy, without more, demonstrated, at most, negligence) (citing *Hall v. Tyszkiewicz*, 28 F. App'x 493, 495–96 (6th Cir. 2002)).

Moreover, Plaintiff's broad assertion that Defendants were "deliberately indifferent" does not support his conclusion; merely stating the "magic words" is not enough. *See Arnold v. South Carolina Dep't of Corr.*, 843 F. Supp. 110, 113 (D.S.C. 1994) (despite use of phrase "deliberate indifference" in his pleadings, inmate failed to show that defendants possessed the requisite mental state). Put simply, Plaintiff's conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555.

Rather, Plaintiff must support his claim with factual allegations, and the factual allegations in Plaintiff's complaint that pertain to the elements of deliberate indifference are scant. Stripped of allegations that Defendants imperfectly complied with policy, Plaintiff's relevant factual allegations merely assert that (1) Defendants VanNortrick, Johnson, Bartlett, Dozeman, and Herman were aware that Plaintiff had begun a hunger strike, and (2) he was eventually found unconscious on the floor of his cell. Yet, these allegations do not permit a fair inference that Plaintiff was at a substantial risk of serious harm, much less that any Defendant knowingly and

recklessly disregarded that risk. This is particularly true where, as is the case here, a prisoner alleges that multiple healthcare and mental health professionals directly interacted with him during his hunger strike and presumably could detect any substantial deterioration in his condition.

Consequently, Plaintiff's allegations fail to state an Eighth Amendment claim against Defendants Corizon, VanNortrick, Johnson, Bartlett, Dozeman, and Herman. The Court will, however, grant Plaintiff leave to file an amended complaint within 28 days, alleging facts supporting an Eighth Amendment claim of deliberate indifference. If Plaintiff files an amended complaint, he is cautioned that he should omit references to statutes and policies. Instead, he must allege only those facts supporting a claim of deliberate indifference.

## VI. MDOC Policy

Finally, to the extent Plaintiff invokes prison policy as an independent ground for relief, he fails to allege a constitutional claim. Claims under § 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994); *see also Laney v. Farley*, 501 F.3d 577, 580–81 & n.2 (6th Cir. 2007). To demonstrate a violation of procedural due process, a plaintiff must prove the following elements: (1) a life, liberty, or property interest requiring protection under the Due Process Clause, and (2) a deprivation of that interest (3) without adequate process. *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006). "Without a protected liberty or property interest, there can be no federal procedural due process claim." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972)).

Courts routinely have recognized that a prisoner does not enjoy any federally protected liberty or property interest in a state procedure. *See Olim v. Wakinekona*, 461 U.S. 238, 250 (1983); *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001); *Sweeton*, 27 F.3d at 1164; *Smith v. Freland*, 954 F.2d 343, 347–48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992). Plaintiff's allegations that multiple Defendants violated prison policy therefore fail to raise a cognizable federal due process claim.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint fails to state a claim for relief. Plaintiff is, however, granted 28 days to file an amended complaint that includes factual allegations that support his Eighth Amendment deliberate indifference claim. If Plaintiff does not file an amended complaint within 28 days, his complaint will be dismissed for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

An order consistent with this opinion will be entered.


Dated:   September 2, 2021            /s/ Robert J. Jonker
                                      ROBERT J. JONKER
                                      CHIEF UNITED STATES DISTRICT JUDGE